IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| WILLIAM ANTHONY LOFTON, | ) | Case No. 3:06-cr-589 |
| | ) | |
| Petitioner, | ) | GOVERNMENT'S |
| | ) | RESISTANCE TO |
| v. | ) | PETITIONER'S MOTION |
| | ) | CHALLENGING THE |
| UNITED STATES OF AMERICA, | ) | VALIDITY OF GUILTY PLEA |
| | ) | |
| Respondent. | ) | |

The United States of America, respondent herein, respectfully files its resistance to the motion by petitioner, William Anthony Lofton ("Lofton"), challenging the validity of his guilty plea, filed February 21, 2024. (R. Doc. 210.) Lofton's motion is barred by the applicable statute of limitations under 28 U.S.C. § 2255(f), and it is also barred because he failed to raise the disputed issues on appeal. Moreover, Lofton's motion seems to be challenging the validity of his Kane County, Illinois guilty plea, under case number 96CF1798, which contributed to his sentencing enhancement as an Armed Career Criminal for this present case. (PSR ¶¶ 22, 34; R. Doc. 210, pp. 1-2.) However, Lofton's motion does not fall within this Court's jurisdiction since his argument centers around a Circuit Court sentence and decision in Kane Count, Illinois, not the Southern District of Iowa. Therefore, under any scenario, Lofton's motion should be denied.

**Procedural History**

1. On July 6, 2007, a Southern District of Iowa jury found Lofton not guilty on Count 1, Attempted Possession of Crack Cocaine with Intent to Distribute and Count

1

2, Carrying a Firearm During and in Relation to Drug Trafficking, but guilty on Count 3, Felon in Possession of a Firearm. (R. Doc. 73.)

2. As part of the pre-sentence investigative report, Lofton's guilty adjudication on April 2, 1997 to two counts of Predatory Criminal Assault of Child in Kane County, Illinois (Case No. 96CF198), was listed as a prior conviction that contributed to the finding that Lofton was an Armed Career Offender. (PSR ¶ 22, 34.)

3. On May 27, 2008, U.S. District Court Judge John A. Jarvey sentenced Lofton to 327 months on Count 3, and specifically found Lofton to be an Armed Career Criminal. (R. Doc. 109; R. Doc. 115, pp. 24, ln. 24-25.)

4. On May 29, 2008, Lofton filed his notice of appeal to the Eighth Circuit (R. Doc. 111.) On February 20, 2009, the Eighth Circuit affirmed the jury's verdict in Lofton's case and the District Court's allowance of certain testimony during trial. (R. Doc. 118.) Lofton's designation as an Armed Career Criminal was never mentioned as part of this plea.

**Statute of Limitations**

5. Ordinarily, a one-year statute of limitations applies to Section 2255 petitions from the date the judgment of conviction becomes "final." *See*, 28 U.S.C. § 2255(f)(1). When a defendant has appealed and no further review is sought from the Supreme Court, this is determined based on the date of the appellate judgment (here, February 20, 2009) plus the 90-day deadline to file a petition for a writ of certiorari under Supreme Court Rule 13.1. *See*, *Clay v. United States*, 537 U.S. 522 (2003). Here, although Lofton's motion was not specifically filed under Section 2255, it appears to

2

be the most appropriate classification for his current pro se motion. Thus, in Lofton's case, the statute of limitations expired on May 21, 2009, and his motion should be denied on that basis alone. The instant case was filed almost fifteen years after the statute of limitations had run.

6. The other subsections of Section 2255(f) have no applicability here. There is no claim of governmental impediment to Lofton's making of his motion, nor is his motion a fact-bound claim. *See*, 28 U.S.C. § 2255(f)(2), (4). Nor does Lofton assert that he is entitled to relief because of a new right recognized by the Supreme Court. *See*, 28 U.S.C. § 2255(f)(3).

**Failure to Raise Claim on Direct Appeal**

7. "The failure to raise an issue on direct appeal acts to bar a petitioner from raising that issue for the first time in a Section 2255 motion." *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997). To get around this rule, a petitioner must establish both "cause that excuses the default" and "actual prejudice from the errors asserted." *Id.*

8. Here, Lofton did not raise his career offender issue on appeal, and he has not explained—let alone established—"cause" for why he failed to do so. Nor can he show any actual prejudice; as explained elsewhere in this response, the subject assault convictions qualified as crimes of violence and, in any case, the sentencing judge made clear that he would have imposed the same sentence even if they did not so qualify.

3

**Incorrect Jurisdiction**

9. In the procedural history of Lofton's present motion, he mentions a 1996 conviction in Illinois. Although the pros se motion is unclear, Lofton appears to be challenging the validity of this guilty plea in that 1996 Illinois conviction, which contributed to him being found as an Armed Career Offender as part of the sentence for his present Southern District of Iowa case. Any questions regarding the validity of a conviction from Kane County, Illinois would be under the State of Illinois' jurisdiction. Therefore, this Court would be precluded from ruling on the validity of such guilty plea.

**Conclusion**

"In a § 2255 proceeding, the burden of proof with regard to each ground for relief rests upon the petitioner." *Kress v. United States*, 411 F2d 16, 20 (8th Cir. 1969). Respondent respectfully argues that Lofton's motion, presumably under § 2255, has not met its burden of proof. Lofton's motion should be denied for being past the statute of limitations; because he failed to raise the disputed issues on direct appeal; because this Court lacks jurisdiction to rule on the validity of a plea in Kane County, Illinois.

        Respectfully submitted,

        Richard D. Westphal
        United States Attorney

By: */s/ Kaitlyn R. Macaulay*
     Kaitlyn R. Macaulay
     Assistant United States Attorney
     U.S. Courthouse, Suite 310
     131 East 4th Street

Davenport, Iowa 52801  
Tel: (563) 449-5432  
Fax: (563) 449-5433  
Kaitlyn.Macualay@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2024, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the petitioner by U.S. Mail.

William Anthony Lofton  
Inmate ID# 17402  
Muscatine County Jail  
400 Walnut Street  
Muscatine, IA 52761-4241

UNITED STATES ATTORNEY

By: */s/Kaitlyn R. Macaulay*  
    Kaitlyn R. Macaulay  
    Assistant United States Attorney